# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs January 15, 2013

## IN RE JORDAN T. J.

### Appeal from the Juvenile Court for Dickson County
### No. 1110117CC    A. Andrew Jackson, Judge

### No. M2011-01345-COA-R3-PT - Filed January 29, 2013

The father in this termination of parental rights case, who was incarcerated at all times material to this case at Riverbend Maximum Security Prison and is indigent, appeals the termination of his rights contending he was denied due process because he was not informed of his rights as required under Tennessee Code Annotated § 36-1-113(f), he did not sign a waiver of his rights, and he was not provided a court-appointed attorney. The father, who did not file a responsive pleading to the petition, contends, *inter alia*, that the trial court failed to comply with Tennessee Code Annotated § 36-1-113(f), which mandates that he be informed that he has the right to participate and contest the allegations and, if he wished to contest the petition, that a court-appointed attorney would be provided to assist in contesting the petition. The record does not contain a signed waiver by the father nor does it reflect that the juvenile court made the requisite determination that he was informed of his rights and, after being informed, voluntarily waived his right to a court-appointed attorney to assist in contesting the petition, or that, if he did not participate after being informed of his rights, the court may proceed with such action without the parent's participation as set forth in Tennessee Code Annotated § 36-1-113(f)(5). We, therefore, vacate the judgment of the juvenile court as it pertains to the father's parental rights and remand with instructions for the juvenile court to comply with Tennessee Code Annotated § 36-1-113(f) and, if the father wishes to contest the petition, that a court-appointed attorney be provided and the case set for a new trial once his attorney has had a reasonable opportunity to prepare.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court
### Vacated and Remanded

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, J.J., joined.

Mark C. Odle, Dickson, Tennessee, for the appellant, Tommy J.

Hilary H. Duke, Dickson, Tennessee, for the appellees, Jeffrey G. and Brenda G.

## OPINION

Appellees filed a Petition for Termination of Parental Rights and for Adoption in the Juvenile Court of Dickson County, Tennessee on November 19, 2010, to terminate the parental rights of the biological mother and father to their minor child, J.T.J. The grounds relative to Father included abandonment by an incarcerated parent pursuant to Tennessee Code Annotated §§ 36-1-113(g)(1) and 36-1-102(1)(A)(iv), existence of a ten-year sentence pursuant to Tennessee Code Annotated § 36-1-113(g)(6); failure to establish parentage pursuant to Tennessee Code Annotated § 36-1-117(c)(3), and persistence of conditions pursuant to Tennessee Code Annotated § 36-1-113(g)(3). The Petition further alleged that termination of Father's parental rights was in the best interest of the child. When the Petition was filed, Father was incarcerated in the Tennessee Department of Correction and was housed at Riverbend Maximum Security Prison in Nashville, Tennessee. The record reflects that Father was served with a copy of the Petition on December 16, 2010, at Riverbend Maximum Security Prison.

An Order was entered by the Juvenile Court of Dickson County, Tennessee on January 5, 2011 appointing attorney Kyle Sanders to represent the Mother. A second Order was also entered on January 5, 2011, appointing attorney Jennifer Honeycutt as the guardian ad litem for the minor child. No attorney was appointed to represent Father. On April 5, 2011, an Order was entered by the trial court setting the trial for hearing on May 13, 2011. Prior to the April 5, 2011 Order setting the matter for trial, there was no communication between the trial court or its staff, counsel for petitioners or the guardian ad litem, and Father. On April 13, 2011, Petitioners' counsel, Hilary Duke, filed with the trial court a copy of her letter to Father dated April 12, 2011. The letter to Father stated that he had not filed a responsive pleading to the Petition and Ms. Duke inquired whether he intended to attend the hearing or forfeit his rights to a hearing.

No court reporter was present at trial. Nevertheless, the record reflects Father did not attend or participate at trial. At the conclusion of the trial, Judge Jackson ruled from the bench terminating the parental rights of Father on the basis of his failure to respond, the certified court records evidencing a sentence of ten years or more in the state penitentiary, and evidence that J.T.J. was under the age of eight years. An order terminating Father's parental rights was entered on June 22, 2011, which set forth the following findings: Father failed to file an answer, request an attorney, and appear before the court; the minor child is less than eight years of age and Father has been sentenced to twenty years in prison; the

putative father registry does not list a putative father and Father failed to establish paternity; and Father was provided with proper notice of all proceedings. The order terminated Father's parental rights on the grounds of abandonment by an incarcerated parent and failure to establish parentage, as well as finding that the termination of Father's rights to the child was in the best interest of the minor child. The trial court further found and ruled that the Petitioners had failed to establish statutory grounds for termination of Mother's parental rights to J.T.J. The Petition to terminate Mother's parental rights was dismissed.

On June 10, 2011, a pro se handwritten Notice of Appeal was filed by Father in addition to a handwritten Appeal Bond for Costs and Motion for Transcript.

On April 11, 2012, the Court of Appeals remanded the case to the Juvenile Court of Dickson County for the limited purpose of appointing counsel to represent Father on appeal. Following his appointment by the trial court, attorney Mark C. Odle entered a Notice of Appearance with this Court on behalf of Father on May 22, 2012.

Thereafter, Petitioners filed a Notice of Filing with this court giving notice that an audio version of the Termination of Parental Rights Proceedings had been filed. Thereafter, Father moved for an Order approving payment for the services of a court reporter to transcribe the audio recording. The motion was approved and by order entered July 3, 2012, the case was again remanded to the trial court for approval of the expense of the transcript. A transcript of the audio recording of the termination of parental rights proceeding was filed with the trial court on October 19, 2012, and thereafter with this court.

Father was not represented by counsel at any point with respect to the trial court proceedings in this cause, nor was Father at any time present in the trial court during any proceedings held in this cause.

## ANALYSIS

Father contends he was denied his constitutionally required right to counsel. He relies upon *State of Tennessee v. David H.*, 274 S.W.3d 651 (Tenn. Ct. App. 2006) (citing *Lassiter v. Depart. of Social Servs.*, 452 U.S. 18, 101 (1981)). We have determined the dispositive issue is the failure of the trial court to comply with the mandatory provisions set forth in Tennessee Code Annotated § 36-1-113(f).

The record clearly reflects that at all times relevant to these proceedings, Father was incarcerated at Riverbend Maximum Security Prison in Nashville. This fact is established by the allegations set forth in the Petition to Terminate Parental Rights and for Adoption, and also by the fact that the minimal communications directed to Father by Petitioners' attorney

were addressed to Riverbend Maximum Security Prison. As a consequence of Father's incarceration, the mandatory provisions set forth in Tennessee Code Annotated § 36-1-113(f) were to be followed. Tennessee Code Annotated § 36-1-113(f) provides:

(f) Before terminating the rights of any parent or guardian who is incarcerated or who was incarcerated at the time of an action or proceeding is initiated, *it must be affirmatively shown to the court that such incarcerated parent or guardian received actual notice of the following*:

(1) The time and place of the hearing to terminate parental rights;

(2) That the hearing will determine whether the rights of the incarcerated parent or guardian should be terminated;

(3) That the incarcerated parent or guardian has the right to participate in the hearing and contest the allegation that the rights of the incarcerated parent or guardian should be terminated, and, at the discretion of the court, such participation may be achieved through personal appearance, teleconference, telecommunication or other means deemed by the court to be appropriate under the circumstances;

(4) *That if the incarcerated parent or guardian wishes to participate in the hearing and contest the allegation, such parent or guardian*:

(A) *If indigent, will be provided with a court-appointed attorney to assist the parent or guardian in contesting the allegation*; and

(B) Shall have the right to perpetuate such person's testimony or that of any witness by means of depositions or interrogatories as provided by the Tennessee Rules of Civil Procedure; and

(5) *If, by means of a signed waiver, the court determines that the incarcerated parent or guardian has voluntarily waived the right to participate in the hearing and contest the allegation, or*

*if such parent or guardian takes no action after receiving notice of such rights, the court may proceed with such action without the parent's or guardian's participation.*

*Id.* (emphasis added).

The record before us clearly establishes that the procedural requirements of Tennessee Code Annotated § 36-1-113(f) were not followed in this case. Although Father was incarcerated at Riverbend Maximum Security Prison throughout the trial court proceedings, the only documents sent to Father were the Petition, and thereafter, the Order Setting Termination of Parental Rights Hearing filed January 12, 2011, the Order Resetting Termination of Parental Rights Hearing filed April 5, 2011, and a letter from Petitioners' counsel dated April 12, 2011, which was addressed to Father. The order setting the case for trial filed January 12, 2011, merely sets forth the trial date, as does the order resetting the hearing. The letter addressed to Father, dated April 13, 2011, merely states the scheduled trial date of May 13, 2011, states that Father has not filed a responsive pleading, and requests that Father indicate "whether [he] would like to attend the hearing or would like to forfeit [his] rights to have a hearing on the above referenced matter." None of the orders, nor the letter, meet the requirement of Tennessee Code Annotated § 36-1-113(f) because they do not *affirmatively* show to the trial court that the incarcerated parent, Father, received actual notice of any of the requirements set forth in Tennessee Code Annotated § 36-1-113(f). Moreover, none of them advise Father, if he wished to contest the allegations, that he would be provided a court-appointed attorney and he would have the right to obtain and present testimony by means of depositions or interrogatories as provided by the Tennessee Rules of Civil Procedure.

We previously held that it is reversible error for a trial court to proceed with a termination of parental rights trial in the absence of an incarcerated parent when the procedural requirements of Tennessee Code Annotated § 36-1-113(f) had not been followed. *State of Tenn. Dep't of Children's Servs. v. Williams*, No. W2008-02001-COA-R3-PT, 2009 WL 2226116, at *4 (Tenn. Ct. App. July 28, 2009). We are also influenced by the reasoning in *State of Tennessee v. David H.*, where the court stated that "[t]he *Lassiter* court acknowledged that in light of the importance of parental rights and the circumstances that frequently surround proceedings for the termination of parental rights, appointment of counsel could be constitutionally required in many such cases. *State v. David H.*, 247 S.W.3d 651, 655 (Tenn. Ct. App. 2006) (citing *Lassiter v. Dep't of Social Servs.*, 452 U.S. at 101 (1981)). The court further noted that "[t]he Supreme Court of Tennessee has added its voice to the chorus of informed opinion . . . by determining that in this state an indigent respondent in either a parental termination case or in a dependency and neglect case has a right to the services of a court appointed attorney." *Id.* at 656. The statutes and rules of court evidencing

the mandatory requirement for appointment of counsel in termination of parental rights proceedings in Tennessee include Tennessee Code Annotated § 36-1-113(f) and Tennessee Supreme Court Rule 13.

Due to the failure to comply with Tennessee Code Annotated § 36-1-113(f), the trial court erred by proceeding with the termination proceedings against Father. Therefore, we have no option but to vacate the judgment of the trial court and remand this case for further proceedings, starting with the compliance with the mandates in Tennessee Code Annotated § 36-1-113(f).

### IN CONCLUSION

The judgment of the trial court is vacated and remanded for further proceedings consistent with this opinion, and this matter is remanded with costs of appeal assessed against the Appellees, Jeffrey G. and Brenda G.

_____
FRANK G. CLEMENT, JR., JUDGE